UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERALDINE WATSON, | ) | Case No. ED CV 13-1402 JLS (MRW) |
| Plaintiff, | ) | |
| vs. | ) | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| CITY OF ONTARIO POLICE DEPARTMENT, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

    The Court vacates the reference of this action to the Magistrate Judge and dismisses the action for Plaintiff's failure to prosecute the action.

\* \* \*

    This is a civil rights action brought by a former homeowner in Ontario, California. Plaintiff alleges that Ontario police officers wrongly evicted Plaintiff and her mother from their residence after a foreclosure.

    Because Plaintiff proceeded <u>in forma pauperis</u>, Magistrate Judge Wilner preliminarily screened the complaint. 28 U.S.C. § 1915(e)(2). The Court dismissed the complaint due to numerous pleading deficiencies. (Docket # 7.) The

Court set a deadline to allow Plaintiff to amend her complaint, but Plaintiff failed to do so.  (Id. at 4.)  The Court then issued an order to show cause.  (Docket # 9.)  Plaintiff failed to respond to the Court's OSC deadline.

Plaintiff originally filed the complaint in August 2013.  Since then, Plaintiff has not filed anything with the Court nor has she amended her deficient complaint.  In both orders, the Court expressly informed Plaintiff that the action would be dismissed under Federal Rule of Civil Procedure 41 if Plaintiff did not respond to the Court's orders.

* * *

Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissal also may be ordered by the Court sua sponte.  Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).  Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants.  Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992).  Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986).

In the present action, the Court finds dismissal is appropriate.  Plaintiff failed to comply with the Court's clear and direct instructions on several occasions.  Plaintiff did not amend the complaint or respond to the order to show cause by the deadlines that the Court set.  As a result, the Court concludes that Plaintiff does not wish to advance the action here.  By contrast, the Court, the named defendants, and the public have a strong interest in terminating this action.  The Court finds that

dismissal is appropriate under Rule 41(b). Furthermore, because Plaintiff is a <u>pro se</u> litigant who has not responded to the Court's most recent notice about the status of the case, no sanction short of dismissal will be effective in moving this case forward. <u>Carey</u>, 856 F.2d at 1440.

Accordingly, for the above reasons, this action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: December 1, 2013

JOSEPHINE L. STATON
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

3